By the Court.—Sedgwick, J.
There are many exceptions which call for no particular attention, inasmuch as they involved, in most cases, the exercise of discretion on the part of the learned referee, and the *46 proper rules of law were undoubtedly recognized, as to the form of questions, to the admission of evidence on rebuttal which was properly part of the plaintiffs’ opening case, and to the order of proof.
The referee, however, refused to allow the plaintiffs to prove certain interviews between them and an auctioneer, in the absence of defendant, and the exceptions to this refusal were valid. An outline of the facts, is, there was an action of foreclosure of a mortgage of lands, and the auctioneer had charge of the sale. By the plaintiffs’ testimony, the defendant said to the plaintiffs: “I have some advertisements again for you. It may be that the auctioneer has given it away ; ” and he further said, as to a proposed advertisement, written out by himself, that one of the plaintiffs should call on the auctioneer, “to ask for the English paper it should be inserted in ; ” and also, “I have again an advertisement for you, of an auction sale larger than usual for you. Can you come along ? I want to introduce you to the auctioneer. If he has not given the advertisement away, I shall give it to you.” It was further testified, that the defendant said to one of the plaintiffs, that she “should show that advertisement to the auctioneer, to see if he approved of it.” The plaintiffs proposed, but the referee refused to allow them, to show that one of them called upon the auctioneer, and also what was then said by him.
The plaintiffs gave enough evidence to sustain a judgment, although there was much tending to a different conclusion, that the defendant employed the plaintiffs, on his own behalf, and the plaintiffs relied on Ms credit.
If the only reason for admitting the interview between the plaintiffs and the auctioneer was that it might then have appeared that the auctioneer did not make the employment, or that the defendant was not *47 his agent, and thus it would show that defendant was acting for himself, it was not competent. But it was admissible on other grounds.
A general rule on the subject is stated in section 182 of Greenleafs Evidence: “The admissions of a third party are also receivable in evidence against the party who has expressly referred another to him for information in regard to an uncertain or disputed matter. In such cases, the party is bound by the declaration. of the person referred to, in the same manner and to the same extent as if they were made by himself. Thus upon a plene administravit, where the executors wrote to the plaintiff, that if she wished for further information in regard to the assets, she should apply to a certain merchant in the city, they were held bound by the replies of the merchant to her inquiries upon that subject. So, in assumpsit for goods sold, when the fact of the delivery of them by the, carman was disputed, and the defendant said, ‘ If he will say that he did deliver the goods, I will pay for them,’ he was held bound by the affirmative reply of the carman.”
The rule thus stated, would not admit testimony of an interview with the auctioneer, in absence of the defendant, in consequence of his saying, “Can you come along. I want to introduce you to the auctioneer ; if he has not given the advertisement away, I shall give it to you.” In that case, the plaintiffs were not referred, for anything that might affect their rights and on which they might act, to the declaration of the auctioneer, apart from the defendant. Nor does it seem that the plaintiffs were referred to the auctioneer to ascertain if the advertisement had been given to others. But the testimony, which, as it was given, might be considered by itself, viz. : that the defendant said that one of the plaintiffs “ should show that advertisement to the auctioneer to see if he approved of it,” *48 did admit evidence as to the interview had with the auctioneer, in consequence of what the defendant then said. The same is true of any interview that might have been had upon the direction of the defendant to call on the auctioneer to ask for the English papers in which the advertisement should be inserted.
The rejection of the evidence of the interview as to the form of the advertisement and as to the papers that should be selected, calls for a new trial. The evidence, as it was on the trial, is almost sufficient to have justified testimony as to the general interviews between the plaintiffs and the auctioneer. This cannot be made certain, because the material facts are so broadcast over a great space of unimportant matter.
The plaintiffs should have been allowed to give testimony as to any facts, even mental operations, tending to explain why the entries in their books were against the auctioneer and not the defendant. They should not, however, be allowed to give mere reasoning in evidence.
Take all the case together, and I think there was enough ground to admit testimony as to the interview between Mr. Ackert and the lady whom he could not, on the trial, name or identify.
In the conflict as to what was in the beginning said Jby the defendant to the plaintiffs, it was proper to allow the defendant to show that he had no motive to employ the plaintiffs on his own behalf, that is, to show he had no interest in the sale.
I am of opinion that the judgment should be reversed, the order of reference set aside, and a new trial had with costs to appellant to abide the event.
Speir, J., concurred.